Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**Hyde & Swigart, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number: (619) 233-7770
Office Fax Number: (619) 297-1022

[Additional Attorneys on Signature Page]

Attorneys for Plaintiff
*Charissa Lewis*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARISSA LEWIS, and others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**ONEMAIN HOLDINGS, INC. f/k/a SPRINGLEAF HOLDINGS, INC.,**<br><br>Defendant. | Case No.  '18CV2798 H    BLM<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ.**<br><br>**JURY DEMAND** |

**HYDE & SWIGART, APC**
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

---

INTRODUCTION

1. Plaintiff Charisa Lewis ("Plaintiff"), through her attorneys, brings this lawsuit to challenge the actions of Defendant OneMain Holdings, Inc. formerly known as Springleaf Holdings, Inc. ("Defendant") with regard to Defendant's reporting of erroneous negative and derogatory reports on Plaintiff's credit report, as that term is defined by Cal. Civ. Code § 1785, et seq. Defendant's willful or negligent failure to accurately report Plaintiff's credit history resulted in an erroneous reporting of negative information. Defendant's failure to correct its report, which Defendant knew or should have known was erroneous, caused Plaintiff's damages.

2. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

4. Unless otherwise stated, Plaintiff alleges that all violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid such violations.

5. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

6. Unless otherwise stated, all of the conduct engaged in by Defendant occurred in San Diego, California.

JURISDICTION & VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) Class Action Fairness Act of 2005 ("CAFA") because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

member belonging to a different state than that of Defendant.  Plaintiff also seeks the greater of statutory punitive damages of $5,000 per violation per violation pursuant to Cal. Civ. Code § 1785.31, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

8. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

9. This court has personal jurisdiction over Defendant because Defendant conduct business in California, lending consumers money and collecting on debts owed, as illustrated below.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducts business out of their two, San Diego branches.

### PARTIES & DEFINITIONS

11. Plaintiff is a natural person who resides in the City of San Diego, State of California.  Plaintiff is a "consumer," as that term is defined by Cal. Civ. Code § 1785.3(b).

12. Defendant is a Delaware corporation that provided consumer lines of credit to Plaintiff and putative class members. Defendant is a "person" under Cal. Civ. Code § 1785.3(j).

13. Plaintiff's cause of action pertains to a "consumer credit report," as that term is defined by Cal. Civ. Code § 1785.3(c), because Defendants made inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or

collected in whole or in part, for the purposes establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

### FACTUAL ALLEGATIONS

**14.** Sometime before January 29, 2014, Plaintiff incurred a financial obligation (the "Debt") to Defendant when it was known as "Springleaf". This financial obligation arose from a loan that Defendant extended to Plaintiff.

**15.** On January 29, 2014, Plaintiff filed Chapter Seven bankruptcy in San Diego under case number 14-00537-LA7.

**16.** On April 28, 2014, the Debt was discharged pursuant to a court order that was mailed to Defendant by the bankruptcy court. The order advised Defendant that the Debt had been discharged.

**17.** Following the bankruptcy, the balance on the Debt should have been listed as $0.00 on all consumer reports and the reports should have stated that the account was "closed".

**18.** However, following the bankruptcy, Defendant reported that there remained a balance of $12,176 on the Debt as of August 2016—almost 2 years after the Debt was discharged.

**19.** Defendant further reported that the account status was "charged off" from May 2016 to August 2016, and that $12,176 was past due as of August 2016.

**20.** Defendant did not report that the account was included in bankruptcy.

**21.** The Debt was not subject to a reaffirmation agreement with Defendant.

**22.** The Debt was not subject to an adversary proceeding brought by Defendant to make the debt non-dischargeable.

**23.** Plaintiff discovered this falsely furnished information for the first time on or around February 2, 2018 after requesting an Experian credit report.

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

24. Under Cal. Civ. Code § 1785.25(a), "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

25. Defendant reported information to Experian, a credit reporting agency, that it had reason to know or should have known was inaccurate. The bankruptcy court mailed Defendant a clear and unambiguous order that definitively discharged the Debt. Defendant, therefore, had explicit and authoritative evidence that the Debt was discharged, meaning it was no longer past due or charged off. Thus, Defendant knew or should have known that the information it provided to Experian was inaccurate. By reporting it, Defendant violated Cal. Civ. Code § 1785.25(a).

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of herself and all others similarly situated as a members of the proposed class ("Class").

27. This Class is defined as follows:

> All California consumers whose accounts with Defendant were discharged in bankruptcy, but Defendant reported as "charged off" and/or continued to report a balance within two years of filing this complaint.

28. Defendant, as well as its employees and agents, are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

29. Plaintiff and the Class were harmed by the acts of Defendants because Defendant reported the Class's discharged accounts as "charged off." In addition, Defendant reported that the Class's discharged-debts had a remaining balance. Defendant's reports damaged each Class member's credit.

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

**30.** The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

**31.** This suit seeks damages on behalf of the Class.  This suit does not request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as facts are learned in through investigation and discovery.

**32.** Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following: (1) whether Defendants violated the CCCRAA when they reported that the Class member's discharged-accounts had a remaining balance; and (2) whether Defendant violated the CCCRAA when the reported the Class members debts as "charged off."

**33.** Plaintiff is asserting claims that are typical of the Class for the following reasons: (1) All members of the Class had debts owed to Defendant that were discharged in bankruptcy; (2) All members of the Class have been injured by Defendant's notation of "charged of," despite the fact that their debts had been discharged in bankruptcy; and (3) All members of the Class have been injured by Defendant's refusal to reduce their balance to zero, despite the fact that their debts had been discharged in bankruptcy; and (4) each of their claims is based on the same legal theory, i.e., that Defendant violated the proscriptions sent fourth in Cal. Civ. Code § 1785.1, *et seq*.

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

**34.** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of Class actions. A Class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a Class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

**35.** The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

**FIRST CAUSES OF ACTION**

**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE §§ 1785.1, ET SEQ.**

**36.** Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**37.** The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

**38.** As a result of each and every violation of the CCCRAA, Plaintiff and the Class are entitled to any actual damages pursuant to Cal. Civ. Code §

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

1785.31(a)(2)(A); punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); injunctive relief pursuant to Calif. Civ. Code § 1785.31(b); and costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(d).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and the Class pray that judgment be entered against Defendants for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- Injunctive relief to correct Defendant's erroneous reporting and to prohibit Defendants from engaging in future violations pursuant to Cal. Civ. Code § 1785.31(b);

- An award of costs of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1785.31(d); and

- Any and all other relief that this Court deems just and proper.

///
///
///
///
///
///
///
///

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and the Class are entitled to, and demand, a trial by jury.


Respectfully submitted,

**Hyde & Swigart, APC**


Date: December 11, 2018     By: *s/ Yana A. Hart*
                               Yana A. Hart
                               Attorney for Plaintiff
                               E-mail: yana@westcoastlitigation.com

**Additional Attorneys**

**Kazerouni Law Group, APC**

Abbas Kazerounian, Esq. (SBN 249203)

ak@kazlg.com

245 Fischer Avenue, Suite D1

Costa Mesa, CA 92626

Telephone: (800) 400-6808

Facsimile: (800) 520-5523

**Law Office of Daniel G. Shay**

Daniel G. Shay (State Bar No. 250548)

danielshay@tcpafdcpa.com

409 Camino Del Rio South, Suite 101B

San Diego, CA  92108

Telephone: (619) 222-7429

Facsimile:  (866) 431-3292

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHARISSA LEWIS

## DEFENDANTS

ONEMAIN HOLDINGS, INC.

'18CV2798 H    BLM

**(b)** County of Residence of First Listed Plaintiff   San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Yana A. Hart, Esq., Hyde & Swigart 619-233-7770
2221 Camino Del Rio South, Suite 101, San Diego, CA 92108

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(d)(2) ("CAFA")
Brief description of cause:
Defendant violated Class Action Fairness Act of 2005

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
12/12/2018

SIGNATURE OF ATTORNEY OF RECORD
s/ Yana A. Hart

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.